UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 8 2004

Michael N. Milby
Clerk of Court

IRMA GONZALEZ-RODRIGUEZ,          )
                                   )
v.                                 )
                                   )
MARC MOORE, FIELD OFFICE DIRECTOR, DHS;  )
TOM RIDGE, SECRETARY, DEPARTMENT OF )
  HOMELAND SECURITY, and           )
THE UNITED STATES OF AMERICA.      )
_____)

B-04-142

**PETITION FOR WRIT OF HABEAS CORPUS
AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Irma Gonzalez-Rodriguez, by and through the undersigned, files the instant Petition for Writ of Habeas Corpus, under 28 U.S.C. §2241, and *INS v. St. Cyr,* 121 S.Ct. 2271 (2001). In light of *Zalawadia v. Ashcroft,* 371 F.3d 292 (5th Cir. 2004), apparently limiting the remedies available in habeas corpus, she also files the instant action as a complaint for injunctive and declaratory relief.

### I.   JURISDICTION AND VENUE

1. Petitioner Irma Gonzalez-Rodriguez is under an administratively final order of removal, and has been ordered to report for deportation on August 19, 2004, (Petitioner's Exhibits A and B, incorporated by reference), which orders place significant restrictions on her liberty not shared by the populace at large, within the meaning of *Jones v. Cunningham,* 371 U.S. 236,240 (1963). Jurisdiction over her complaint for declaratory and injunctive relief is laid under 28 U.S.C. §1331 (federal question), §1346(a)(2) (actions against officers of the United States, and §2201 et seq. (The Declaratory Judgment Act).

2. Respondents Marc Moore and Tom Ridge maintain offices, and Ms. Gonzalez' removal proceedings were conducted, in Harlingen, Texas.

## II. THE PARTIES

3. Irma Gonzalez-Rodriguez is a 56 year-old, divorced, native and citizen of Mexico. She has four U.S. citizen children, the youngest of which is 18 years old. She has been a lawful permanent resident since about 1957, and resides in San Benito, Texas.

4. Respondents Marc Moore and Tom Ridge is sued in their official capacities as Field Office Director and Secretary, respectively, of the Department of Homeland Security, an administrative agency of the Respondent United States of America.

## III. THE FACTS

5. On November 20, 2001, INS issued a Notice to Appear, ("NTA"), charging Ms. Gonzalez with being an arriving alien, who knowingly encouraged, induced, assisted, abetted or aided an alien to try to enter the United States in violation of law. Ms. Gonzalez admitted the charge, and applied for cancellation of removal.

6. Previously, she had been under pretrial diversion, in connection with a charge of (simple) possession of marijuana. However, on or about December 17, 2002, because she was detained by INS, that status was changed to deferred adjudication, based on her prior plea of nolo contendere. In accordance with *Matter of Manrique*, 21 I&N Dec. 58 (BIA 1995), she asserts should not be considered to have been "convicted" of said offense. She further asserts that her plea was obtained in violation of the laws and Constitution of the United States, as set forth in *Matter of Pickering*, 21 I&N Dec. 621 (BIA 2003), and is in the process of attempting to have her plea set aside.

7. In *U.S. v. Hinojosa-Lopez*, 130 F.3d 691 (5th Cir. 1997), the Court held that for purposes of the Sentencing Guidelines, a state felony for simple drug possession was an "aggravated felony."

8. Shortly thereafter, the BIA issued *Matter of K-V-D-*, 22 I&N Dec. 1163 (BIA 1999), reaffirming its conclusions in *L-G-*. Following *Aguirre v. INS*, 79 F.3d 315 (2d Cir. 1996), the Board concluded that the term "aggravated felony" could have different meanings in the context of immigration law and the Sentencing Guidelines, and held that, notwithstanding *Hinojosa-Lopez,* simple possession of marijuana would not be considered an aggravated felony for immigration purposes, regardless of the manner in which it was treated by the state authorities.

9. In *U.S. v. Hernandez-Avalos,* 251 F.3d 505 (5th Cir. 2001), the Court criticized *Matter of K-V-D-,* in very strong *dicta*. [1] Based

---

[1]  As stated by the Court in *Hernandez-Avalos, id.* at 509 (footnote in original) (emphasis added):

> However, **if we were reviewing Hernandez's removal order** on direct appeal, **and if the issue of statutory interpretation were properly preserved for review**, we would hold that the BIA's interpretation of section 924(c) is plainly incorrect and that Hernandez was an aggravated felon.  We see no reason why the procedural posture of this case requires us to hold that it was fundamentally unfair to treat Hernandez as an aggravated felon because he should have the benefit of an agency's erroneous interpretation of applicable law. [FN3]
>
> FN3. **Because the question presented by this appeal relates only to the fundamental fairness of the proceeding, we need not consider Hernandez's argument that we must defer to the BIA's interpretation of these general criminal statutes.**  Cf. *Chevron U.S.A. v. Natural Resources Defense Council,* 467 U.S. 837, 842-43 & n. 9, 104 S.Ct. 2778, 2781-82, 81 L.Ed.2d 694 (1984) (citations omitted)("If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.... The judiciary is the final authority on issues of statutory construction and must reject administrative constructions which are

on that *dicta,* the BIA concluded that simple possession was an aggravated felony, if it was characterized as a felony by the State. *See, Matter of Salazar-Regino,* Int. Dec. 3462 (BIA 2002), concluding that, in light of *Hernandez-Avalos,* it would not apply *Matter of K-V-D-* in the Fifth Circuit. Consequently, the Immigration Judge ordered her removal. Ms. Gonzalez appealed, but the BIA dismissed his appeal. Exhibit A.

10. *Matter of Salazar-Regino* is currently under review at the Fifth Circuit, where it is being argued, *inter alia,* that because the disapproval of *K-V-D-* in *Hernandez-Avalos* was *dicta,* and because application to her would deprive her of "fair notice" of the civil "penalties" she faced as a result of her plea, the Court should reconsider its position on *K-V-D-,* and at worst, if it reached the same conclusion, apply it prospectively only. *See also,* in *Gerbier v. Holmes,* 280 F.3d 297 (3rd Cir. 2002), where the Third Circuit joined the Second Circuit, [2] in holding that a state felony conviction for the offense of simple possession of a controlled substance is **not** an aggravated felony for immigration purposes.

11. A second issue being argued in *Salazar-Regino* is that the BIA

---

> contrary to clear congressional intent.  If a court, employing traditional tools of statutory construction, ascertains that Congress had an intention on the precise question at issue, that intention is the law and must be given effect.").

Such "if we were reviewing" and "if the issue of statutory construction were properly preserved" are classic indicia of *dicta.* Similarly, the Court's acknowledgment that it did not consider the possibility of deference further shows that its criticism of *K-V-D-* was *dicta,* and that said decision continues to be binding herein.

[2]     *Aguirre v. INS,* 79 F.3d 315 (2d Cir. 1996).

erred in concluding, in *Matter of Roldan,* 22 I&N Dec. 512 (BIA 1999), that Congress intended for 8 U.S.C. §1101(a)(48)(A) to supercede *Matter of Manrique, supra,* under which Ms. Gonzalez' deferred adjudication would not even be considered a conviction.

12. Given that she has resided in the United States for some fifty years, has strong family ties, a good employment history, and otherwise clean record, it is highly likely that Ms. Gonzalez would have earned cancellation of removal, had she received the opportunity to apply for said form of discretionary relief.

### V.   THE CAUSES OF ACTION

Petitioner asserts that the deprivation of liberty complained of herein violates the laws and Constitution of the United States, as well as international law and treaty obligations with his native country of Mexico, which claims are cognizable in habeas corpus under 28 U.S.C. §2241.

### 1.   STATUTORY CONSTRUCTION

Ms. Gonzalez first urges that the Board erred as a matter of law in holding that her deferred adjudication constitutes a "conviction" for immigration purposes, and/or that it is an aggravated felony. The new definition of "conviction" was not intended to overrule *Matter of Manrique, supra,* and the language in *Hernandez-Avalos* disapproving of *Matter of K-V-D-* was clearly *dicta*. It was not stare decisis for a removal case and thus not binding precedent. Since the doctrine of judicial retroactivity applies only to similarly situated litigants, and she was not similarly situated to the defendant in *Hernandez-Avalos,* she claims that it does not apply. To the contrary, Petitioner asserts that the Board correctly decided *Matter of K-V-D-,* and that it erred in not applying said decision herein. Finally, she urges that his case falls within an exception to judicial retroactivity.

## 2. EQUAL PROTECTION
### a. DIFFERING RESULTS IN DIFFERENT JURISDICTIONS

Ms. Gonzalez also asserts that, given the national character of immigration law, it violates Equal Protection for the result of her case to depend solely on the federal jurisdiction in which it arose, such that, had she been placed in removal proceedings in any jurisdiction other than the Fifth, and most particularly, within the Second or Third Circuit, she would have been held to qualify for cancellation of removal, which relief, she urges, she would have earned in the exercise of discretion.

### 3. SUBSTANTIVE DUE PROCESS

As a permanent resident, Ms. Gonzalez has a fundamental liberty interest in being able to live and work in the United States, and in remaining here with her family. *See,* Dissenting Opinion of Board Member Rosenberg, *Salazar-Regino, supra* at 238. *See also, Landon v. Plasencia,* 459 U.S. 21,34 (1982), citing *Bridges v. Wixon,* 326 U.S. 326 U.S. 135,154 (1945); *Moore v. City of East Cleveland*, 431 U.S. 494,499 (1977), and *Stanley v. Illinois*, 405 U.S. 645, 651 (1972):

> Plasencia's interest here is, without question, a weighty one. She stands to lose the right "to stay and live and work in this land of freedom," ... Further, she may lose the right to rejoin her immediate family, a right that ranks high among the interests of the individual. ...

*Moore* and *Stanley* are both fundamental rights cases, involving family relationships. *Stanley* struck down a conclusive presumption, similar to that involved herein, and *Moore* simply concluded that the interest advanced by the State was insufficient to justify the particular intrusion into the family unit. As a lawful permanent resident, Ms. Gonzalez enjoys the same Due Process rights, including substantive Due Process rights, to develop and enjoy intimate family relationships in the United States.

Ms. Gonzalez asserts that the combination of provisions enacted by IIRIRA, 8 U.S.C. §1101(a)(48)(A), together with the repeal of §212(c) of the Act, and its replacement with 8 U.S.C. §1229b(a), which contains an absolute prohibition on granting discretionary relief to anyone convicted of an "aggravated felony," and the overly expansive definition of what constitute such "aggravated felonies," constitutes an unconstitutional "conclusive presumption" that all LPRs who have been convicted of any offense in that list are unworthy of being able to stay with their families in the United States, even where the State has deemed it appropriate to grant rehabilitative treatment to a first time offender. Similarly, by failing to permit any showing of countervailing equities, these provisions are unjustifiable, as they are not sufficiently narrowly tailored to meet a compelling state interest.

### 4. PROCEDURAL DUE PROCESS

Ms. Gonzalez also asserts that the Board's decision deprives her of Procedural Due Process, as seen by another series of Supreme Court cases, involving "fair notice." Although not "punishment" for a criminal offense, deportation has long been recognized as a "penalty." *See, Reno v. American-Arab Anti Discrimination Committee,* 525 U.S. 471, 497-98 (1999), Justice Ginsberg, concurring in Part I and the result:

> As this Court has long recognized, "[t]hat deportation is a penalty - at times a most serious one - cannot be doubted." *Bridges,* 326 U.S., at 154, 65 S.Ct. 1443; see also *ibid.* (Deportation places "the liberty of an individual ... at stake.... Though deportation is not technically a criminal proceeding, it visits a great hardship on the individual and deprives him of the right to stay and live and work in this land of freedom.")

Therefore, §1101(a)(48)(A), as interpreted and applied herein, is unconstitutional in that it retroactively makes qualitative changes

in the penalty imposed, in a wholly unexpected manner. *See,* Nancy Morawetz, "Rethinking Retroactive Deportation Laws and the Due Process Clause," NYU Law Rev., Vol 73, No. 1, April 1998. *See also, Arce v. Walker,* 139 F.3d 329,333-34 (2nd Cir. 1998):

> [T]he Due Process Clause protects against restraints or conditions of confinement that "exceed[ ] the sentence in ... an unexpected manner." *Sandin,* 515 U.S. at 484, 115 S.Ct. at 2300; *see id.* at 479 n. 4, 115 S.Ct. at 2297 n. 4 (observing that proscribed conditions of confinement must be "qualitatively different from the punishment characteristically suffered by a person convicted of crime, and [have] stigmatizing consequences." (citation and internal quotation marks omitted)); *see, e.g., Vitek v. Jones,* 445 U.S. 480, 493, 100 S.Ct. 1254, 1264, 63 L.Ed.2d 552 (1980) (holding that "involuntary commitment to a mental hospital is not within the range of conditions of confinement to which a prison sentence subjects an individual"); *Washington v. Harper,* 494 U.S. 210, 221-22, 110 S.Ct. 1028, 1036-37, 108 L.Ed.2d 178 (1990) (holding that inmate has a liberty interest under the Due Process Clause to refuse the involuntary administration of psychotropic drugs).

These protections exist even though deportation is a civil penalty, rather than criminal punishment. As the Supreme Court recently held in *BMW of North America v. Gore,* 517 U.S. 559,574 (1996):

> Elementary notions of fairness enshrined in this Court's constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that a State may impose. FN22
>
> FN22. See *Miller v. Florida,* 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987) (*Ex Post Facto* Clause violated by retroactive imposition of revised sentencing guidelines that provided longer sentence for defendant's crime); *Bouie v. City of Columbia,* 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964) (retroactive application of new construction of statute violated due

process); *id.,* at 350-355, 84 S.Ct., at 1701-1703 (citing cases); *Lankford v. Idaho,* 500 U.S. 110, 111 S.Ct. 1723, 114 L.Ed.2d 173 (1991) (due process violated because defendant and his counsel did not have adequate notice that judge might impose death sentence). The strict constitutional safeguards afforded to criminal defendants are not applicable to civil cases, but the basic protection against "judgments without notice" afforded by the Due Process Clause, *Shaffer v. Heitner,* 433 U.S. 186, 217, 97 S.Ct. 2569, 2587, 53 L.Ed.2d 683 (1977) (STEVENS, J., concurring in judgment), is implicated by civil *penalties.*

For a lawful permanent resident such as Ms. Gonzalez, there can be not question but that deportation is a "civil penalt[y]" imposed as a result of her criminal "conviction" for possession of marijuana. It therefore violates Due Process, as in *BNW of North America v. Gore, supra,* because it confounds the "[e]lementary notions of fairness enshrined in this Court's constitutional jurisprudence" which "dictate that a person receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that a State may impose." [3]

### 5.  INTERNATIONAL LAW AND TREATY OBLIGATIONS

Finally, Ms. Gonzalez urges that the instant order violates international law, and treaty obligations between the United States and Mexico, her country of origin, as discussed at length in *Beharry v. Reno,* 183 F.Supp.2d 584,593-599 (E.D.N.Y. 2002). [4]

---

[3] This is very similar to, and is reinforced by, the "void for vagueness" analysis of *Jordan v. DeGeorge,* 341 U.S. 223,231 (1951) (statute relating to deportation would be tested under "void for vagueness" doctrine, notwithstanding that statute was not criminal statute, in view of grave nature of deportation).

[4] *Beharry* was reversed, *sub nom Beharry v. Ashcroft,* 329 F.3d 51 (2nd Cir. 2003), for failure to exhaust administrative remedies,

Respectfully Submitted,

*[signature]*

Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
(956) 421-3423 (fax)
Fed. ID. 1178
Texas Bar 03052800

## VERIFICATION

I, Lisa S. Brodyaga, hereby certify that I am familiar with Petitioner's case and that the facts as stated with respect thereto are true and correct to the best of my knowledge and belief.

*[signature]*
_____

## CERTIFICATE OF SERVICE

I, Lisa S. Brodyaga, certify that a courtesy copy of the foregoing, with exhibits, was personally served on the Office of the United States Attorney, Brownsville, Texas, this 18th day of August, 2004.

*[signature]*
_____

_____
by raising the international law issue with the BIA.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| IRMA GONZALEZ-RODRIGUEZ, | ) |
| | ) |
| v. | ) |
| | ) |
| MARC, MOORE, FIELD OFFICE DIRECTOR, and | ) |
| | ) |
| TOM RIDGE, SECRETARY, DEPARTMENT OF HOMELAND SECURITY, and | ) |
| THE UNITED STATES OF AMERICA. | ) |
| | ) |

EXHIBIT "A" IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS
AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Executive Offi[ce] for Immigration Review

*Board of Immi[gr]ation Appeals*
*Office of the C[ler]k*

*5201 Leesburg Pike, [Suit]e 1300*
*Falls Church, Virgin[ia] 22041*

Linsky, Meredith, Esquire
301 E. Madison Avenue,
Harlingen, TX 78550-0000

Office o[f t]he District Counsel/HL
P.O. Bo[x] 1711
Harlinge[n], TX 78551

Name: GONZALEZ-RODRIGUEZ, IRMA

A11-379-226

<u>D</u>ate of this notice: 01/28/2004

Enclosed is a copy of the Board's decision and order in the [ab]ove-referenced case.

Sincerely,

Frank Krider
Acting Chief Cler[k]

Enclosure

Panel Members:
    MOSCATO, ANTHONY C.

**U.S. Department of Justice**  
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

---

File: A11-379-226 - HARLINGEN

Date:

In re: GONZALEZ-RODRIGUEZ, IRMA

JAN 2 8 2004

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Linsky, Meredith, Esquire

ON BEHALF OF DHS: Dyann Bernstein, Assistant District Counsel

ORDER:

PER CURIAM. The respondent has appealed from the Immigration Judge's decision dated January 17, 2003. We concur with the Immigration Judge's decision that the respondent has a conviction for immigration purposes for possession of marihuana, a felony of the third degree entered on December 17, 2002, as shown by Exhibit 3, a Judgment on Plea of Guilty of Nolo Contendere to the Court/ Deferred Adjudication. See Matter of Salazar, 23 I&N Dec. 223 (BIA 2002); Matter of Roldan, 22 I&N Dec. 512 (BIA 1999). We reject the respondent's argument on appeal that these cases are not controlling or are distinguishable from the instant case. We also agree with the Immigration Judge that the conviction for possession of marihuana is an aggravated felony, and as such renders the respondent ineligible for cancellation of removal. See section 240A(a)(3) of the Immigration and Nationality Act; Matter of Yanez, 23 I&N Dec. 390 (BIA 2002). We also reject the respondent's contention on appeal that the instant case is distinguishable from Matter of Yanez, supra. Finally, the respondent contends that removal would be unconstitutional or that the laws under which the respondent has been found removable are unconstitutional. The Board is not empowered, however, to rule on the constitutionality of the statutes and regulations that we administer. See Matter of C-, 20 I&N Dec. 529, 532 (BIA 1992); Matter of Valdovinos, 18 I&N Dec. 343 (BIA 1982). Accordingly, the appeal is dismissed.

*Anthony C. Lipscato*  
FOR THE BOARD