United States District Court
Southern District of Texas
FILED

AUG 1 8 2004

Michael N. Milby
Clerk of Court

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | |
|---|---|
| IRMA GONZALEZ-RODRIGUEZ, | ) |
| v. | ) |
| MARC MOORE, et al, | ) |
| _____ | ) |

B-04-142

**POINTS AND AUTHORITIES IN SUPPORT OF**
**PETITION FOR WRIT OF HABEAS CORPUS**
**AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Ms. Gonzalez, through counsel, hereby submits the following exhibits in support of her petition and complaint.

Exhibit C: Oral Decision of the Immigration Judge, and

Exhibit D: Ms. Gonzalez' Brief on Appeal to the BIA.


Respectfully Submitted,

Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
(956) 421-3423 (fax)

Fed. ID.  1178
Texas Bar 03052800

**CERTIFICATE OF SERVICE**

I, Lisa S. Brodyaga, certify that a copy of the foregoing, with attachments, was personally served on the Office of the United States Attorney, Brownsville, Texas, this 18th day of August, 2004.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

IRMA GONZALEZ-RODRIGUEZ,                  )
                                          )
v.                                        )
                                          )
MARC, MOORE, FIELD OFFICE DIRECTOR, and   )
                                          )
TOM RIDGE, SECRETARY, DEPARTMENT OF       )
   HOMELAND SECURITY, and                 )
THE UNITED STATES OF AMERICA.             )
——————————————————————————————————————   )


EXHIBIT "C" IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS
AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
Harlingen, Texas

File A 11 379 226                              January 17, 2003

In the Matter of

IRMA GONZALEZ-RODRIGUEZ,       )           IN REMOVAL PROCEEDINGS
                               )
            Respondent         )

CHARGE:        Section 212(a)(2)(C) of the Immigration and
               Nationality Act, as amended in that a consular or
               Immigration officer knows or has reason to believe
               you are an alien who is or has been an illicit
               trafficker in any controlled substance or who is
               or has been a knowing assistor, aider, abettor,
               conspirator or colluded with others in the illicit
               trafficking in any such controlled substance.

APPLICATIONS:  Cancellation of removal for certain permanent
               residents pursuant to Section 240A(a) of the
               Immigration and Nationality Act, as amended.

ON BEHALF OF RESPONDENT:            ON BEHALF OF SERVICE:

Meredith Linsky, Esquire            Lisa Watling, Esquire

                 ORAL DECISION OF THE IMMIGRATION JUDGE

        The respondent is a female native and citizen of

Mexico.  Respondent has been a permanent resident in the United

States since 1959.  The Immigration and Naturalization Service

(hereafter Service) issued a Notice to Appear (hereafter NTA)

dated November 20, 2001, in the name of the respondent.  The NTA

is marked and admitted into the record as Exhibit Number 1.  In

MAR 2 1 2003

jmp

the NTA, the Service alleges that respondent is removable under
the charges set forth above.

During proceedings, the respondent appeared with
counsel, admitted the truth of the factual allegations numbered
1, 2, 3 and 4, denied Allegation Number 6 and conceded
removability pursuant to 212(a)(2)(C) of the Act and denied
removability pursuant to Section 212(a)(6)(E)(i) of the Act as an
alien who at any time knowingly has encouraged, induced,
assisted, abetted or aided any other alien to enter or try to
enter the United States in violation of law.  The evidence
presented did establish that respondent was involved in the
possession of marijuana; therefore, the Court found the
respondent was subject to removal pursuant to Section
212(a)(2)(C), as an Immigration officer could have reason to
believe the respondent was involved in the illicit trafficking of
a controlled substance or was an assistor or abettor or colluded
with others.  As such, the Court found that based on respondent's
admissions, the respondent was subject to removal pursuant to
212(a)(2)(C) of the Act.

Respondent denied the allegation regarding
212(a)(6)(E)(i) of the Act, and no evidence was presented as
such, so the Court did not find the respondent subject to removal
to that part of the Notice to Appear.  Therefore, I did conclude
that removability was established by evidence that was clear and
convincing.

A 11 379 226                    2                January 17, 2003

jmp

During the course of the proceedings, respondent designated Mexico as the country of removal in the event removal were to be ordered. Respondent had requested relief in the form of cancellation of removal. Respondent submitted her application for cancellation, which has been marked for identification purposes as Exhibit Number 2. Exhibit Number 2 also contains documents in support of the application for cancellation. The Court has received a conviction document showing that in fact respondent has been convicted of possession of marijuana and placed on deferred adjudication. Exhibit Number 3 does reflect in the third paragraph that defendant waived reading of the indictment and entered a plea of guilty to the order of possession of marijuana, a felony of the third degree; and Exhibit Number 3 proceeds on to show that respondent was ordered to pay $110 to the Cleburne County Sheriff's Office. Therefore, respondent was placed on deferred adjudication and on community supervision.

The conviction document does reflect the respondent was convicted of a felony. As such, the respondent has been convicted, although the Court considers it an aggravated felony. The respondent, though, was placed on deferred adjudication. In the State of Texas, a deferred adjudication is considered a conviction for Immigration purposes. See Matter of Punu, Int. Dec. 3364 (BIA 1998). In order for respondent to be eligible for cancellation of removal, respondent needs to show to the Court

A 11 379 226                    3                    January 17, 2003

jmp

that respondent has been an alien lawfully admitted for permanent
residence for not less than five years and has resided in the
United States continuously for seven years after having been
admitted in any status and that respondent has not been convicted
of an aggravated felony. An applicant for cancellation of
removal must establish that she is statutorily eligible for the
relief sought and that the favorable exercise of discretion is
warranted.  The respondent, again, must establish that she was in
the status of one lawfully admitted for permanent residence for
not less than five years, that she resided in the United States
for seven years after having been admitted in any status and that
she has not been convicted of an aggravated felony.

In this case, the respondent has been convicted of an
aggravated felony as established by Exhibit Number 3, the
conviction document, where respondent was convicted of an
aggravated felony and placed on deferred probation.  As such,
respondent cannot establish that she has not been convicted of an
aggravated felony, and respondent is not eligible for that form
of relief as she has been convicted of an aggravated felony.

Respondent is therefore not eligible for any other
relief because of the conviction for the aggravated felony.  As
such, the Court at this time pretermits the respondent's
application for cancellation of removal.

The Court will therefore enter the following orders:

A 11 379 226                    4                January 17, 2003

jmp

## ORDER

IT IS HEREBY ORDERED that the respondent is removable under Section 212(a)(2)(C) of the Act.

IT IS FURTHER ORDERED that the respondent's application for cancellation of removal under Section 240A(a) of the Act is hereby pretermitted.

IT IS FURTHER ORDERED that the respondent is ordered removed to Mexico.

ELEAZAR TOVAR
United States Immigration Judge

A 11 379 226                    5                    January 17, 2003

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

IRMA GONZALEZ-RODRIGUEZ,                    )
                                            )
v.                                          )
                                            )
MARC, MOORE, FIELD OFFICE DIRECTOR, and     )
                                            )
TOM RIDGE, SECRETARY, DEPARTMENT OF         )
   HOMELAND SECURITY, and                   )
THE UNITED STATES OF AMERICA.               )
_____    )


EXHIBIT "D" IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS
AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Irma González                          11 379 226

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BOARD OF IMMIGRATION APPEALS
FALLS CHURCH, VIRGINIA

IN THE MATTER OF:                    )       FILE NO.    11-379-226
                                     )
Irma González-Rodriguez              )
                                     )
Respondent in Removal Proceedings    )
_____)

## RESPONDENT'S BRIEF IN SUPPORT OF APPEAL

COMES NOW the Respondent, Irma González, A 11 379 226, by and through her

attorney of record, Meredith Linsky, and respectfully submits the following for the

Board's consideration:

### INTRODUCTION

Ms. González is a 54 year-old female. She is a native and citizen of Mexico who

was admitted to the United States as a Lawful Permanent Resident, ("LPR"), on April

10th 1959. On March 3rd 2001, Ms. González was arrested for possession of marijuana.

On April 20, 2001, she received a grant of pre-trial diversion in the 105th Judicial District

Court in Kleberg County, Texas.  Subsequently, that grant of pre-trial diversion was

revoked.  On December 17th 2002, in this same court, Ms. González was given deferred

adjudication for possession of marijuana, a third degree felony.

Irma González                                    11 379 226

## PROCEDURAL HISTORY

These proceedings began on November 20th 2001, when the Immigration and

Naturalization Service, ("INS"), issued a Notice to Appear, ("NTA"), alleging that Ms.

González is an arriving alien who is inadmissible pursuant to §212(a)(2)(C), as an alien

whom the consular officer has reason to believe has been a trafficker in a controlled

substance as well as 212(a)(6)(E)(i), as someone who knowingly encouraged, induced,

assisted, abetted or aided an alien to try to enter the United States in violation of the law.

The Respondent admitted the allegations of fact and the charge of removability and

applied for cancellation of removal pursuant to INA §240A(a).  A hearing on the merits

of this application was scheduled for January 17, 2003.  At that hearing the Immigration

Judge denied the Respondent's application for cancellation of removal under section

240A(a), finding that she was not eligible for such relief.

**ISSUE 1(a): The decisions of the Board of Immigration Appeals in *Matter of Roldan*,
Interim Decision 3377 (BIA 1999) and *In re Salazar Regino*, Interim Decision 3462,
23 I&N 223 (BIA 2002) do not, of necessity, render removable a non citizen whose
conviction for an offense relating to a controlled substance has been deferred.**

The *Roldan* decision overruled long-standing BIA precedent regarding the effect of an

expungement or state rehabilitative statute on a plea of guilty in a state court. *Matter of*

*Roldan*, Int. Dec. 3377 (BIA 1999). The majority opinion in *Roldan* reviewed previous

Board decisions concerning the definition of conviction, concentrating especially on

*Matter of Ozkok*, 19 I&N Dec. 546 (BIA 1988). *See also: Matter of G*, 9 I&N Dec. 159

(BIA 1960, A.G. 1961), *Matter of Ibarra-Obando*, 12 I&N Dec. 576 (BIA 1966, A.G.

1967), and *Matter of Luviano*, Interim Decision 3267, (BIA 1996). Because state laws

which provide for vacation of a conviction upon successful completion of probation,

expungement, deferral of adjudication and other ameliorative relief vary widely in form

2

Irma González                    11 379 226

and effect, the BIA sought to provide a consistent framework for the analysis of a

conviction for immigration purposes. *Int Dec. 3377* at 4-6. In *Ozkok, supra,* the BIA

adopted a three-part definition:

> "(1) a judge or jury has found the alien guilty or he has entered a plea of guilty or
> nolo contendere or he has admitted sufficient facts to warrant a finding of guilty;
> (2) the judge has entered some form of punishment, penalty, or restraint on the
> person's liberty to be imposed (including but not limited to incarceration,
> probation, a fine or restitution, or community-based sanctions such as a
> rehabilitation program, revocation or suspension of a driver's license, deprivation
> or nonessential activities or privileges, or community service); and
> (3) a judgment or adjudication of guilt may be entered if the person violates the
> terms of his probation or fails to comply with the requirements of the court's order,
> without availability of further proceedings regarding the person's guilt or
> innocence on the original charge."

*Matter of Ozkok, supra,* at 551-52.

The Respondent in *Roldan* pleaded guilty to possession of marijuana in Idaho in

1993. *Int. Dec. 3377* at 3. Adjudication of judgment was withheld, and he was issued an

Order to Show Cause by the INS in 1994. In 1995, the Respondent's guilty plea was

vacated. *Ibid.* The Respondent contested deportability because his conviction had been

vacated pursuant to § 19-2604(1) of the Idaho Code. *Id* at 4. The BIA noted its policy,

formulated in previous decisions, concerning a respondent situated similarly to the

Respondent in *Roldan.* "An alien who has been accorded rehabilitative treatment under a

state statute will not be deported if he establishes that he would have been eligible for

federal first offender treatment under the provisions of 18 U.S.C. §3607 had he been

prosecuted under federal law." *Int Dec. 3377* at 11, *citing Matter of Manrique,* Interim

Decision 3250, (BIA 1995), at 7.

The *Manrique* requirements are:

3

Irma González                    11 379 226

(1) The alien is a first offender, i.e., he has not previously been convicted of violating any federal or state law relating to controlled substances;
(2) The alien has pled to or been found guilty of the offense of simple possession of a controlled substance;
(3) The alien has not previously been afforded first offender treatment under any law;
(4) The court has entered an order pursuant to a state rehabilitative statute under which the alien's criminal proceedings have been deferred pending completion of probation or the proceedings have been or will be dismissed after probation."

*Int. Dec. 3250* at 12.

The *Roldan* decision pointed out that the variety of state rehabilitative statutes, under which adjudication is deferred subsequent to a plea of guilty, others which set aside a guilty plea after a term of probation, and still others which erase the effects of a guilty plea through expungement, require the Immigration Judges and the Board to "examine the vagaries of each state's statute to determine if the original determination of guilt survived for some purposes..." *Id* at 13. Commenting on the effect of §322 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRAIRA"), through which the definition of "conviction" at INA §101(a)(48) was amended, the BIA stated, "...Congress has now removed state rehabilitative actions as a factor in determining whether an alien is considered convicted for immigration purposes." *Id* at 16. "..(W)e must decide whether our decision in *Matter of Manrique* has any continuing viability in light of the approach Congress has taken in IIRAIRA toward aliens guilty of criminal misconduct." *Ibid.*

"To determine the continued viability of *Matter of Manrique,"* the BIA said in *Roldan,*

"...(W)e find it necessary to reconsider first, in light of the new definition at INA §101(a)(48), the effect to be given to any state action, whether it is called setting aside, annulling, vacating, cancellation, expungement, dismissal, discharge, etc., of

4

Irma González                    11 379 226

the proceedings, sentence, charge, or plea, that purports to erase the record of guilt of an offense pursuant to a state rehabilitative statute."

*Ibid.*

*Roldan* directly addressed the question of an exception to the amended definition of conviction for first time drug offenders. "...Congress failed to provide any exception in INA §101(a)(48) to exempt first time offenders determined to be guilty of simple possession of a controlled substance from being "convicted" under the INA." *Id* at 19. "We find no evidence in Congress' recent enactments that it intends to accord special treatment in the application of it's immigration laws to first-time drug offenders who have been accorded rehabilitative treatment under a state law." *Id* at 20.

Upon concluding that any plea or finding of guilt which results in any form of restriction on the freedom of the defendant is a conviction for immigration purposes, the BIA departed from a long standing policy."...(T)o continue to apply a policy exception providing federal first offender treatment to certain drug offenders who have received state rehabilitative treatment, in the face of the definition by Congress, would be tantamount to creating a new form of relief that is not provided for in the Act." *Id* at 19. The decision held that *Matter of Manrique* was incompatible with the new definition of "conviction" supplied by IIRAIRA §322. "We conclude that *Matter of Manrique, supra,* and its predecessors, which sought to balance conflicting policy interests in the absence of direction from Congress as to when an alien is considered to be convicted for immigration purposes, have been superseded by INA §101(a)(48)." *Id* at 21.

The Ninth Circuit Court of Appeals spoke directly to the issue in *Lujan Armendariz v INS and Roldan Santoyo v INS,* 222 F. 3d 728 (9th Cir. 2000). After reviewing the

5

Irma González                           11 379 226

legislative history surrounding and the policy informing 18 USC §3607, the Ninth Circuit

noted that the Federal First Offenders Act, ("FFOA") was not repealed by the

amendments made to INA §101(a)(48).

> "It is evident that the new definition represents a Congressional attempt to clear up
> the general confusion over when a conviction exists for immigration purposes, in
> light of the various state procedures governing expungement.... While it is clear
> that the new definition substantially changes the BIA's prior rules governing how it
> determines when a conviction occurs under state rehabilitative laws, we must
> decide whether, in addition, the new definition also repeals in part the Federal First
> Offender Act, and thus the rule that bars deportation of first-time drug offenders
> guilty only of simple possession. If we find the Act is not repealed, we must also
> decide whether the rule applying the Act's protection to identical offenses
> prosecuted and expunged under state law remains in force."

222 F3d 728, 737.

> "It is enough to conclude that Congress did not demonstrate a "clear and manifest"
> intention to repeal the Federal First Offender Act, in whole or in part; and we so
> conclude, without the slightest hesitation here. Accordingly, under Radzanower, we
> are required to hold that no implied repeal occurred."

*Id* at 749.

The Ninth Circuit noted that Equal Protection requires that any immigrant granted first

offender treatment under state law must be afforded the same benefits as an immigrant

prosecuted under federal law, if they would have been eligible for first offender treatment

if the offenses were prosecuted in federal court.

> "Suffice it to say that the BIA is not free to adopt any policy it chooses with respect
> to state rehabilitative laws, regardless of its arbitrariness or lack of constitutionality.
> Our decisions in Garberding and Paredes require, as a matter of constitutional equal
> protection, that the benefits of the Act be extended to aliens whose offenses are
> expunged under state rehabilitative laws, provided that they would have been
> eligible for relief under the Act had their offenses been prosecuted as federal
> crimes. Paredes, 36 F.3d at 811-12; Garberding, 30 F.3d at 1191. As there is no
> rational basis for a federal statute that treats persons adjudged guilty of a drug
> offense under state law more harshly than persons adjudged guilty of the identical
> offense under federal law, the petitioners may not be deported for their first-time
> simple drug possession offenses. We hold that the new definition of "conviction"

6

Irma González                              11 379 226

for immigration purposes does not repeal either the Federal First Offender Act or
the rule that no alien may be deported based on an offense that could have been
tried under the Act, but is instead prosecuted under state law, where the findings
are expunged pursuant to a state rehabilitative statute."

*Ibid.*

In *Salazar Regino, supra,* the BIA reviewed the history of the definition of

conviction in the INA, and noted the most significant developments, including the

rationale employed by the Ninth Circuit in *Lujan Armendariz, supra. 23 I&N 223, 227-

228.* "The court held that enactment of the definition of conviction at §101(a)(48)(A) of

the Act did not repeal the federal first offender statute, either on its face or by

implication." *23 I&N 223, 228, citing Lujan Armendariz, supra, at 743-746.*

The BIA disagreed: "Even if we were to find that aliens treated as first offenders in

federal court are exempt, we would not be bound to hold that aliens convicted in state

court are likewise exempt from removal." *Id at 231.*

*Yanez García,* Interim Decision 3473, 23 I&N Dec. 390, (BIA 2002), is the most

recent decision concerning the effect of a state drug conviction for purposes of federal

immigration law.   The respondent in Yanez García did not argue that he had not suffered

a conviction due to a deferred adjudication. Instead, he argued that his conviction for

possession of a controlled substance was not a drug trafficking offense and therefore not

an aggravated felony. Nevertheless, the BIA again noted what had already been stated in

*Matter of K-V-D-, supra,* and *Salazar Regino, supra.*

> "Specifically, when determining whether a state drug conviction is
> analogous to a federal felony conviction, we are confronted with the fact that any
> hypothetical federal prosecution would have been governed by procedural and
> sentencing requirements entirely different that those that were, in fact, employed by
> the convicting state. To resolve this dilemma, we would therefore need to develop a
> standard for determining whether state finality rules, which may themselves be
> ambiguous, are analogous to the finality rules governing felony drug prosecutions

7

Irma González                            11 379 226

under federal law. Furthermore, we would need a standard to determine whether the mandatory procedural requirements governing such federal prosecutions are analogous to those that applied in the convicting state."

*23 I&N 390, 392.*

The BIA decision in *Yanez Garcia* still did not entirely resolve the issue. Noting the

disparity of treatment for drug offenders placed in immigration proceedings in different

jurisdictions, the BIA did not state a bright line rule for determining the effect of state

drug conviction for purposes of removability:

> "A number of federal circuit courts of appeals have developed standards for answering the question of whether a state felony drug conviction constitutes an aggravated felony under INA §101(a)(43)(B). We will now follow those standards in immigration cases arising within those circuits....(I)n immigration cases arising in circuits that have not yet had occasion to consider this question, we will apply the standards adopted by the majority of the circuit courts."

*Id* at 391.

## ARGUMENT

Ms. González respectfully submits that the amended definition of "conviction"

does not, of necessity, foreclose the continuation of the policy of not deporting first time

drug offenders formalized by the BIA in *Matter of Manrique,* and does not create a new

form of relief from removal.

§18 USC §3607 is the underlying federal statute upon which the BIA's policy,

promulgated in *Matter of Manrique,* is founded. While the majority opinion in *Roldan*

found that *Manrique* can be given no effect due to the new definition of conviction in the

INA, 18 USC §3607 remains unchanged. Ms.González urges this Board that federal law

does not consider a finding of guilt for a first offense of simple possession of a controlled

substance to constitute a conviction, if the defendant has not been previously afforded

8

Irma González                                   11 379 226

any rehabilitative treatment and for which adjudication is deferred, or the defendant's plea is set aside or vacated. 18 U.S.C. §3607(b). The changes to the definition of conviction in the INA, under which a respondent in removal proceedings who has pleaded or been found guilty by a judge or jury and sentenced to any restriction of liberty is considered to have suffered a conviction, are not inconsistent with the pre-existing federal statute. Neither does continuation of the policy outlined in *Manrique* create a new form of relief.

If, as the result of a criminal proceeding, a respondent subsequently placed in removal proceedings pleaded or was found guilty of a first offense for simple possession of a controlled substance, federal law operates to nullify it's further effect on a respondent who has not been previously afforded such treatment. Such respondent has not benefited from a new form of relief. Federal law does not view such a respondent as having any need for relief, as he or she has not suffered a conviction for which relief is required. A respondent found guilty of an offense not described in 21 USC §844 can not rely on that provision of federal law to ameliorate the consequences of illegal actions. Such person has been convicted within the meaning of INA §101(a)(48)(A), and no other provision of federal law operates to negate the aftereffect of a guilty plea and subsequent fine, punishment, or restriction. The effect of 18 USC §3607 is not nullified by INA §101(a)(48)(A). Congress still intends to view a first offense of simple possession of a controlled substance for which a defendant has pleaded or been found guilty and adjudication or entry of judgment deferred as not having been convicted "for the purpose of a disqualification or a disability imposed by law upon conviction of a crime, *or for any other purpose.*" 18 USC §3607(b), (emphasis added).

9

Irma González                    11 379 226

With the *Roldan* decision the BIA cast aside policy developed in the course of its

jurisprudence on the meaning of "conviction" for immigration purposes, and most clearly

enunciated in *Matter of Manrique. See also: Matter of G, supra; Matter of Ibarra-*

*Obando, supra; Matter of Luviano, supra. Roldan, supra,* and *Salazar Regino, supra,*

This decision ignores the plain meaning of 18 USC §3607, which states that such an

offense shall not be considered a conviction, "for any purpose," and misinterprets the

effect of the amendments introduced by IIRAIRA. In holding that the policy of no

deportation for first time offenders convicted of simple possession whose adjudication

was deferred or conviction set aside is irreconcilable with the new definition of

conviction, the majority disregards existing federal law, which speaks directly to the

intent of Congress regarding first time, simple possession narcotics offenders. The federal

statute would not consider such a person as having been convicted, and operates to ensure

that such person, subsequent to discharge or expungement, will not be foreclosed from

any benefit as a result of having availed him or herself of it's provisions.

The holdings in *Roldan, supra* and *Salazar Regino, supra,* which insist that

Congress did not intend for non-citizens to benefit from the restorative aspects of 18 USC

§3607, effectively negates the intent of Congress, clearly stated in the statute, that any

such person, citizen or non-citizen, has not suffered a conviction.

**ISSUE 1(b): Finding a non-citizen removable when adjudication has been deferred
and no judgment of guilt has been entered results in fundamental unfairness
because it increases the severity of the penalty without notice.**

TPC Art 42.03 § 5 is entitled, Deferred Adjudication; Community Supervision,

and states, in relevant part:

"(a) Except as provided by Subsection (d) of this section, when in the judge's
opinion the best interest of society and the defendant will be served, the judge may,

10

Irma González                              11 379 226

after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and
finding that it substantiates the defendant's guilt, defer further proceedings *without
entering an adjudication of guilt, and place the defendant on community
supervision."*
TPC ART 42.03, §5(a). (emphasis added).

TPC ART 42.03 §5 (c) states, in relevant part:

"(c) On expiration of a community supervision period imposed under Subsection
(a) of this section, if the judge has not proceeded to adjudication of guilt, the judge
shall dismiss the proceedings against the defendant and discharge him. The judge
may dismiss the proceedings and discharge a defendant,..., prior to the expiration
of the term of community supervision if in the judge's opinion the best interest of
society and the defendant will be served....Except as provided by Section 12.42(g),
Penal Code, *a dismissal and discharge under this section may not be deemed a
conviction for the purposes of disqualifications or disabilities imposed by law for
conviction of an offense.*"
TPC ART 42.03 §5 (c). (emphasis added).

## ARGUMENT

The deferred adjudication guidelines are alternatives, composed by the Texas

Legislature, which permit the Court to address the unique situations presented by

individual defendants and provide structure during the supervisory period.  While Ms.

González has been ordered to pay court costs, a fine, and a fee, no judgment of guilt has

been ordered pursuant to TPC §42.01, nor has the judge proceeded to sentencing under

TPC §42.02. The monetary requirements inherent in matters of deferred adjudication are

not the result of an entry of judgment, and are not part of the sentence imposed. When

Ms. González has complied with the conditions, the matter will be dismissed with no

formal finding of guilt nor sentence or punishment as a result of any finding under the

statute.  A deferred adjudication under TPC Art 42.03 § 5 consists of admission of facts

equal to guilt, and a period during which no sentence or punishment is imposed, unless

the court finds that the defendant has committed another offense.  The supervisory period

is a non-punitive measure designed to afford structure and communication between the

11

Irma González                      11 379 226

Respondent and the Court. Community Supervision, as applied to Ms. González, is not a

sentence or a punishment. It is not imposed as a direct result of a judgment of guilt,

because no judgment of guilt has been entered. It is a statutory mechanism which avoids

a finding of guilt, and apprises the Court of Ms. González' intentions and efforts during a

given time period.

It is deeply imbedded in the jurisprudence of the United States Supreme Court

that fair notice of the conduct which subjects one to punishment, and the severity of the

consequences as a result of a finding of guilt are required under the due process clause of

the 5th amendment to the United States Constitution. *BMW of North America, Inc., v

Gore,* United States Supreme Court 1996. The Supreme Court has recently emphasized

that due process must be afforded to non-citizens in removal proceedings, especially

when a non-citizen reasonably relied on the state of the law when he or she waived

constitutional rights and pled guilty. *Immigration and Naturalization Service v St. Cyr,*

121 S. Ct. 2271, 2290. Even though a removal proceeding is civil, and not criminal, the

Supreme Court found that when a non-citizen reasonably relies on the state of the law

and pleads guilty the possibility for relief in any future immigration proceeding is

certainly an important factor in reaching such a decision:

> "(A)lthough we have characterized deportation as look[ing] prospectively to
> the respondents right to remain in this country in the future, *INS* v. *Lopez Mendoza,*
> 468 U.S. 1032, 1038 (1984), we have done so in order to reject the argument that
> deportation is punishment for past behavior and that deportation proceedings are
> therefore subject to the various protections that apply in the context of a criminal
> trial. *Ibid.* As our cases make clear, the presumption against retroactivity applies far
> beyond the confines of the criminal law. See *Landgraf,* 511 U.S., at 272. And our
> mere statement that deportation is not punishment for past crimes does not mean
> that we cannot consider an aliens reasonable reliance on the continued availability
> of discretionary relief from deportation when deciding whether the elimination of
> such relief has a retroactive effect.

12

Irma González                    11 379 226

121 S Ct. 2271, 2291.

Even though the definition of conviction is not retroactively applied in his case, if she is found removable as a result of a conviction for an aggravated felony, Ms. González will be subject to permanent banishment from the United States. The statute under which the charges are dismissed states Ms. González shall suffer "no further disqualification or disability imposed by law as a conviction." Although because the BIA has chosen to follow the ruling of the 5th Circuit in *Hernández Avalos, supra*, Ms. González is foreclosed from being considered for relief from removal. *See also In re Yanez Garcia*, 23 I&N 390 (BIA 2002). As a result of the BIA's ruling in *Salazar Regino, supra*, and *Yanez Garcia, supra*, she cannot rely on the ameliorative effect of the Federal First Offender Act to avoid expulsion. This ruling is fundamentally unfair in it's effect, because when Ms. González's adjudication was deferred and when she successfully completes probation, she should be able to depend on the reasonable expectation that no additional negative consequences will flow as·a result of the criminal charge. As the law stands today, the severity of the consequences in immigration proceedings far outweigh the criminal sanction she received in state court. Therefore, as a matter of fundamental fairness, this Court should find that Ms. González has not suffered a conviction.

**ISSUE 2: Do the decisions of the Board of Immigration Appeals in *Salazar Regino, supra,* and *Yanez Garcia, supra,* deny equal protection to a non-citizen whose adjudication for simple possession of a controlled substance has been deferred?**

In *Salazar Regino, supra*, the BIA found that a non citizen who has been granted deferred adjudication for simple possession of a controlled substance and whose case arises within the 5th Circuit has been convicted of an aggravated felony and is ineligible for relief from removal. In the 1st, 2nd, 3rd, 4th, 6th, 7th, 8th, and 10th Circuits, a similarly

Irma González                        11 379 226

situated non-citizen may be eligible for discretionary relief. According to the ruling of the

BIA in *Salazar Regino, supra,* a non-citizen who has a sole conviction for simple

possession of a controlled substance would not even be removable if the matter fell

within the jurisdiction of the 9th Circuit. *Lujan Armendariz, supra.*

     *Yanez Garcia, supra,* the most recent BIA decision concerning the effect of a state

drug conviction on removability and eligibility for relief in immigration proceedings

continues that disparate treatment of similarly situated respondents in different federal

jurisdictions. In *Yanez Garcia,* the BIA:

> "(R)e-examine(d) the question whether state drug convictions classified as
> felonies under applicable state law, but not necessarily under federal law, constitute
> "drug trafficking crimes" under 18 USC §924(c)(2), such that they may be
> considered aggravated felonies under INA §101(a)(43)(B)."

*In re Yanez Garcia,* 23 I&N 390, 393.

     Prior to discussing precedent decisions concerning controlled substance offenses

and the definition of aggravated felony, the BIA advised:

> "The federal circuit courts of appeals and this Board agree that a state drug offense
> constitutes a "drug trafficking crime" under 18 USC §924(c) if it is (1) punishable
> under one of the three enumerated federal drug statutes and (2) a "felony."... As
> previously noted, this is a question that we have addressed and attempted to resolve
> on several previous occasions."

23 I&N 390, 394.

     The BIA left the issue unresolved:

> "Specifically, we hold that because of the meaning of the phrase "drug
> trafficking crime" in 18 USC §924(c)(2) is a matter of federal criminal law, we
> shall defer to the interpretation given that statute by the federal circuit courts of
> appeals that have spoken on the issue. Those courts need not defer to our reading of
> §924(c)(2)."

23 I&N 390, 396.

Irma González                    11 379 226

The Administrative Agency charged with interpreting state and federal statutes in light of the INA declined to interpret those statutes in cases arising within the jurisdiction of federal circuit courts of appeals which have previously done so.

> Thus, in those circuits that have spoken, the determination whether a state drug conviction constitutes a "drug trafficking crime" under §924(c)(2), and therefore an aggravated felony under INA §101(a)(43)(B), shall be made by reference to applicable circuit law, and not by reference to any legal standard articulated by this Board.

*Id* at 397.

When the rulings in *Salazar Regino, supra,* and *Yanez Garcia, supra,* are applied to a non-citizen whose removal proceedings arise within the 5th Circuit, a gross inequity results: First, even if adjudication was deferred, the respondent is still removable as a result, although the criminal conviction has been or will be expunged. Second, the BIA has applied *dicta* from the 5th Circuit's decision in *Hernández Avalos, supra,* a case which analyzed the United States Sentencing Guidelines, and found that a single conviction for an offense relating to a controlled substance is an aggravated felony, thus foreclosing any relief to such a respondent. The decisions of the BIA in *Salazar Regino, supra,* and *Yanez Garcia, supra,* reinforce the Fifth Circuit's holding in *Hernandez Avalos* that any deferred adjudication for any offense relating to a controlled substance is a drug trafficking offense. This combination of effects, counting a deferred adjudication as a conviction, and then counting the conviction as an aggravated felony which renders the respondent unable to apply for discretionary relief places any non-citizen who has been arrested for a controlled substance offense in the 5th Circuit in an unfairly precarious position. Even if adjudication is deferred, the non-citizen cannot depend on any provision of immigration law to remain in the United States.

15

Irma González                              11 379 226

A non-citizen who has been an LPR for forty three years, such as Ms. González, and has been granted deferred adjudication as a result of an arrest for an offense relating to a controlled substance is prohibited from seeking discretionary relief, if she resides within the jurisdiction of the Fifth Circuit. Thus, she may be removed from the United States after a conviction for an offense relating to a controlled substance and an aggravated felony, and rendered permanently inadmissible to the United States. *See*, INA §212(a)(9)(A)(ii)(II). A respondent who has been an LPR for one year and pleads guilty to possession of a controlled substance will not be found to be removable, if she resides within the jurisdiction of the Ninth Circuit, pursuant to the decision of the BIA in *Matter of Regino Salazar, supra.* According to the BIA's ruling in *Yanez Garcia, supra,* if the jurisdiction in which the respondent's proceedings are held has not ruled on the issue and decides that a conviction for possession of a controlled substance under state law is not an aggravated felony, the respondent may be eligible for relief. *See, Yanez Garcia,* 23 I&N 390, 397.

The resulting disparity in treatment of first time non-citizen controlled substance offenders violates the principle of equal protection, and will yield some egregiously unfair results. Someone with very little time and few equities in the United States who has been found guilty in the courts of Arizona or California can rely on the ameliorative provisions enacted by the United States Congress in the event that removal proceedings are initiated, while another long time LPR, with extensive family ties and considerable property in the United States, is automatically rendered removable with no hope of any relief, even if a formal judgment of guilt is never entered in a state court, because he or she resides in Louisiana, Mississippi, or Texas. Continuation of such a policy towards

16

Irma González                .      •        11 379 226

first time controlled substance offenders violates equal protection, and is fundamentally

unfair, both in theory and in its application.

## CONCLUSION

Wherefore the Respondent, Irma González, A 11 379 226, respectfully requests

the Board of Immigration Appeals find that she has not been "convicted" for immigration

purposes, and if this Board does find a "conviction," find that the conviction does not

constitute an aggravated felony.

Respectfully submitted this 3rd day of July, 2003.

Meredith Linsky
Attorney for Respondent
California State Bar No. 197932

ProBAR
301 East Madison
Harlingen, Texas, 78550
956 425 9231
956 425 9233 (fax)

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing "Respondent's Brief in Support of
Appeal" by first class U.S. mail to the Office of the District Counsel, P.O. Box 1711,
Harlingen, Texas, 78551, this 3rd day of July, 2003.

Name                                        Date   7/3/03

17